UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:18-CR-01340 |
| | § | |
| MARLO DENISE YOUNG | § | |

# ORDER

For the reasons set forth below, the Court hearby STRIKES certain motions recently filed by Marlo Denise Young ("Defendant" or "Movant") in Case No: 2:18-cr-01340, *United States of America v. Marlo Denise Young* and ORDERS that any further documents filed by Defendant that are formulaic or fail to understand that this case is in federal court be STRUCK by the Court, and Defense Counsel be subject to sanctions for these subsequent motions.

**I.     Strike Order**

On December 14, 2018, Defendant filed six motions: Motion for Discovery (D.E. 17), Motion in Limine (D.E. 18), Motion to Compel (D.E. 19), Motion to Quash (D.E. 20), Motion for Disclosure (D.E. 21) and Motion to Suppress (D.E. 22); however, these pleadings are deficient.

These motions fail to include support from a statement of authority as required by CrLR 12.2 of the Local Rules of the United States District Court for the Southern District of Texas ("CrLR 12.2").  (D.E. 17; D.E. 18; D.E. 19; D.E. 20; DE. 21; D.E. 22).   The factual basis of these motions must be "sufficiently definite, specific, detailed, and nonconjectural, to enable the court to conclude that a substantial claim is presented." *United States v. Poe*, 462 F.2d 195, 197 (5th Cir. 1972) (quoting from *Cohen v. United States*, 378 F.2d 751, 761(9th Cir.), cert. denied 389 U.S. 897 (1967)).  Yet the motions filed contain no factual details.  To the extent that these

motions do rely on statutory authority, they rely on the Texas Code of Criminal Procedure, which does not apply in this Court. CrLR 12.2 also requires that such motions contain an averment that the movant has conferred with the respondent and inform the Court whether counsel agrees on the disposition of the motions. The motions fail to include any such averment. (D.E. 17; D.E. 18; D.E. 19; D.E. 20; DE. 21; D.E. 22).

Defendant's Motion to Suppress does cite to Articles IV, V, and XIV of the United States Constitution, however she does not explain how these Articles are relevant to the facts in the case, nor does she cite any authority on how to apply these Articles to the facts. (D.E. 22). Under the CrLRs, without these basic inclusions, the filing is but a shell and the Court cannot possibly find a resolution. *See Mahoney v. United States*, 387 F.2d 616, 617 (5th Cir. 1967) ("What is a reasonable search [without a warrant or probable cause] is not to be determined by any fixed formula. The recurring questions of reasonableness must find *resolution in the facts and circumstances of each case*.") (emphasis added). "General or conclusionary assertions, founded upon mere suspicion or conjecture," like Defendant's motion, "will not suffice." *United States v. Harrelson*, 705 F.2d 733, 737 (5th Cir. 1983). In order to actually state some degree of authority, Defendant should state specific facts and then explain how these Articles would apply, as seen in *United States v. Khanalizadeh*, where the defendant argued that an officer impermissibly broadened the scope of his search under the Fourth Amendment "by extending the duration of the seizure for an hour and fifteen minutes and by undertaking a comprehensive and extremely thorough search for hidden drugs based on 'nothing more than a vague hunch of possible wrongdoing,'" 2005 WL 8149282, at *3 (E.D. Tex. Dec. 8, 2005). Instead, Defendant makes no attempt to apply facts to their Constitutional claims and consistently relies on Texas state law in the continuing misapprehension that she is in Texas state court.

Further, one motion fails to include an order granting the relief requested as required by CrLR 12.2. (D.E. 17).

**I.    No Further Motions that Fail to Comply with this Order**

Defendant filed six (6) motions based off form filings that do not reflect an understanding that this case is in federal court. (*See* D.E. 17; D.E. 18; D.E. 19; D.E. 20; DE. 21; D.E. 22). The motions contain numerous indicators that they are form motions that do not reflect the specific characteristics of Defendant or her case. (D.E. 18) ("COMES NOW Defendant in the above entitled and numbered cause, by and through *his/her* attorney of record…") (emphasis added); (D.E. 19) ( (D.E. 20) ("NOW COMES Defendant by and through *his/her* counsel of record…") (emphasis added); ("COMES NOW Defendant in the above entitled and numbered cause, by and through *his/her* attorney of record, Kenneth P. Mingledorff, and prior to his/her announcement of ready…") (emphasis added); (D.E. 21) ("COMES NOW Defendant in the above entitled and numbered cause, by and through *his/her* attorney, Kenneth P. Mingledorffr…") (emphasis added). The fact that these filings do not reflect any specifics relating to Defendant, extending to even her gender, demonstrates that they are little more than form motions filed with this Court without any pretext of forethought.

Similarly, Defendant cites the Texas Code of Criminal Procedure and makes numerous references to the District Attorney, even though the State of Texas is clearly not party to this *federal* criminal action. (*See* D.E. 17) ("COMES NOW Defendant and makes this request to the State of Texas pursuant to Texas Code of Criminal Procedure Article 39.14, the Michael Morton Act.); (D.E. 18) ("[R]espectfully requests the Court instruct the District Attorney…"); (D.E. 20) ("Articles 27.02, 27.03, 27.08 and 27.09 C.C.P."); (D.E. 21) ("[P]ursuant to TEX CODE CRIM.PROC., art 39.14 (b) (Vernon Supp. 2001)."); (D.E. 22) ("… in violation of Art. 14, V.

A.C.C.P."). The fact that these motions do not even reflect a basic jurisdictional and procedural understanding of the case reflects Defense Counsel's inattention to detail.

In order to prevent Defendant from further misusing judicial resources, the Court hereby ORDERS that that any further motions by the Defendant filed after the entry of this Order that are formulaic and fail to understand that this case is in federal court will result in the Court ***immediately imposing sanctions against Defense Counsel***. *See Bynum v. Am. Airlines, Inc.*, 166 F. App'x 730, 735 (5th Cir. 2006) ("One aspect of [the Court's] inherent power is the power to impose sanctions, including attorneys' fees, on litigants for conduct that is in bad faith, vexatious, wanton, or undertaken for oppressive reasons.") (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-46 (1991).

The Corpus Christi Division of the United States Attorney's Office of the Southern District of Texas has an open discovery policy and any motion for continuance that includes, as a reason, that Defendant has been unable to obtain discovery will be denied. Defendant is entitled to all 404(b) material ten days before the final Pretrial conference.

The Court STRIKES the following motions: *Motion for Discovery* (D.E. 17); *Motion in Limine* (D.E. 18); *Motion to Compel* (D.E. 19); *Motion to Quash* (D.E. 20); *Motion for Disclosure* (D.E. 21); *Motion to Suppress* (D.E. 22).

SIGNED and ORDERED this 18th day of December, 2018.

_____
Janis Graham Jack
Senior United States District Judge